UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| RALPH BAZE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 10-21-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| HOBERT HUDDLESTON, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Ralph Baze, an individual incarcerated in the Kentucky State Penitentiary ("KSP") in Eddyville, Kentucky, has filed a *pro se* complaint asserting civil rights claims pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act, and pendent state law tort claims. [Record No. 3] In his Complaint, Baze contends that in 2009 the defendants undermined his medical treatment by refusing to permit him to possess crutches in his cell and frustrated his attempts to utilize the prison's grievance system by interfering with his efforts to file grievances or by making false statements regarding both his medical treatment and his grievances.

Baze has named as defendants:

1. Hobert Huddleston, Unit Administrator of Six Cellhouse at KSP;
2. Tom Simpson, former warden of KSP;
3. Ladonna Thompson, Commissioner of the Kentucky Department of Corrections;
4. Duke Pettit, Grievance Coordinator at KSP; and
5. the Kentucky Department of Corrections ("KDOC").

Each defendant is named in both his or her individual and official capacity, with the exception of Defendant Simpson, who is named solely in his individual capacity.

Baze filed this action in the Central Division of the Eastern District of Kentucky at Frankfort. Venue for civil actions filed under this Court's "federal question" jurisdiction is determined as follows:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). The Court assumes, without deciding, that jurisdiction is proper in the Eastern District of Kentucky under the first alternative. All of the Defendants appear to reside in Kentucky,[1] and at least two of the named defendants, Ladonna Thompson and the KDOC, reside in Frankfort, Kentucky, which is found within Franklin County, which in turn falls within the Eastern District of Kentucky. *See* 28 U.S.C. § 97(a). Venue, therefore, appears properly laid in the Eastern District of Kentucky under Section 1391(b).

However, the Complaint largely focuses upon actions taken by KSP staff in Eddyville, Kentucky, in refusing to permit Baze to possess crutches in his cell, confining him for some period of time in the infirmary, and in processing his grievances. All of these events transpired in Eddyville, Kentucky, and the participants in and/or witnesses to these events are presumably

---

[1] The first alternative applies only where "all defendants reside in the same state." The Complaint is devoid of any allegation regarding the residence of the named defendants. For purposes of this discussion, however, the Court assumes that each of the named individuals resides in the county of their place of work. Even in this regard, however, the Court notes that former warden Simpson retired from active service of the KDOC in 2009.

located there. Eddyville, Kentucky is located within Lyon County, which falls within the territorial jurisdiction of the Western District of Kentucky. *See* 28 U.S.C. § 97(b).

The *forum non conveniens* statute provides that:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). A district court may consider transferring venue under this provision *sua sponte*. *Flynn v. Greg Anthony Const. Co., Inc.*, 95 F. App'x 726, 738 (6th Cir. November 7, 2003). While Defendants Thompson and KDOC may have had some incidental involvement with the events in question, the clear majority of the events transpired at KSP in Eddyville, Kentucky, and it is highly likely that witnesses and documents with relevant information are located there. *Joyner v. District of Columbia*, 267 F.Supp.2d 15 (D. D.C. 2003) (transferring wrongful death suit to district of decedent's previous incarceration where relevant events, including decedent's alleged physical and emotional abuse and his subsequent murder, occurred at federal penitentiary, and only connection district of filing had with suit was situs of Federal Bureau of Prisons and Attorney General's headquarters).

The Court thus finds that the convenience of the witnesses and parties would be better served by litigating the case closer to the center of events giving rise to the claims asserted. *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 (6th Cir. 2006). This is particularly true where, as here, the plaintiff is a death-sentenced inmate whose incarceration highly limits his mobility. *See Banks v. Curtis Candy Co.*, 531 F.Supp. 826 (S.D. N.Y. 1982) (action brought by prisoner confined to correctional institute in North Carolina against manufacturer of candy bar would be

transferred to District Court for the Eastern District of North Carolina, where every essential matter related to plaintiff's claim, every witness, whether plaintiff himself or other inmates or guards, and every document, was located at plaintiff's place of confinement).

Accordingly, it is hereby **ORDERED** as follows:

(1)     This action is **TRANSFERRED** to the Paducah Division of the United States District Court for the Western District of Kentucky pursuant to 28 U.S.C. § 1404(a).

(2)     Plaintiff's motion to pay the filing fee in installments pursuant to 28 U.S.C. § 1915 [Record No. 2] is **DEFERRED** for resolution by the transferee court.

This 26th day of April, 2010.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge